UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY CALDWELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:12CV2249 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Timothy Caldwell's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 25, 2018. (ECF No. 29).

## **BACKGROUND**

On August 16, 2001, a federal grand jury returned a single count Indictment charging Movant, a previously convicted felon, with unlawfully possessing a firearm that had traveled in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), the Armed Career Criminal Act ("ACCA"). (*See United States v. Timothy Caldwell*, Case No. 4:01CR350 JCH, ECF No. 1). Following a jury trial on June 27, 2002, Movant was found guilty of being a previously convicted felon in possession of a firearm. (*Id.*, ECF Nos. 41, 42). The offense normally carries a maximum prison term of ten years. *See* 18 U.S.C. § 924(a)(2). Here, however, the Presentence Investigation Report ("PSR") alleged that Movant qualified for a sentencing enhancement under the ACCA. Specifically, the PSR alleged that Movant qualified for an ACCA sentence of a minimum of fifteen years, based

on three prior Missouri convictions for violent felonies, specifically, second degree burglaries. At the time, ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B). Those provisions, respectively, had come to be known as ACCA's "elements clause," "enumerated clause," and "residual clause." *See United States v. Booker*, 240 F.Supp.3d 164, 167 (D.D.C. 2017).

At sentencing, neither the Government nor Movant objected to the Probation Office's conclusion that Movant was subject to a mandatory minimum of 15 years' imprisonment under ACCA. The Court adopted the finding, and sentenced Movant to 240 months' imprisonment, followed by five years' supervised release. (*See United States v. Timothy Caldwell*, Case No. 4:01CR350 JCH, ECF No. 47). On August 6, 2003, Movant's conviction and sentence were affirmed on appeal. *See United States v. Caldwell*, 339 F.3d 680 (8th Cir. 2003).

Movant filed his first § 2255 motion on September 1, 2004. (*See Caldwell v. United States*, Case No. 4:04CV1183 JCH, ECF No. 1). This Court denied the motion and dismissed Movant's claims with prejudice. (*Id.*, ECF No. 9). Movant then filed a series of successive motions, that were all denied.

On June 26, 2015, the United States Supreme Court held in *Johnson v. United States*, 135 S.Ct. 2551 (2015), that ACCA's residual clause was unconstitutionally vague, and thus increasing a defendant's sentence under the clause violated the Constitution's guarantee of due

process of law. *Johnson,* 135 S.Ct. at 2557, 2563.[1]  The Court noted, however, that its decision did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

In *United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018) (*en banc*), the Eighth Circuit considered whether, in light of *Johnson*'s invalidating the residual clause, convictions for Missouri second-degree burglary fit within the ACCA's enumerated clause, specifically, the listed violent felony of "burglary".[2]  The Court ultimately concluded that Missouri's second-degree burglary statute encompasses conduct that is broader than generic burglary. *Id.* at 407. As a result, under *Naylor*, convictions for Missouri second-degree burglary do not qualify as predicate violent felonies for ACCA purposes. *Id.*

On April 6, 2018, the Eighth Circuit Court of Appeals granted Movant's petition for authorization to file a successive habeas application in this Court. (*See Caldwell v. United States*, Case No. 4:12CV2249 JCH, ECF No. 27). As stated above, Movant filed the instant § 2255 Motion on May 25, 2018, asserting that his sentence should be reduced following the United States Supreme Court's decision in *Johnson*, and the Eighth Circuit Court of Appeals' decision in *Naylor*.

## DISCUSSION

28 U.S.C. § 2255 permits a federal prisoner to file a motion to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States", or "was in excess of the maximum authorized by law." *Id.*, § 2255(a). As stated

---

1 In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that the rule announced in *Johnson* is a substantive one, and therefore applies retroactively on collateral review.
2 On January 4, 2018, on its own motion, the Eighth Circuit held Movant's most recent application to file a successive motion to vacate in abeyance pending the decision by the *en banc* court in *Naylor*. (*See Caldwell v. United States*, Case No. 4:12CV2249 JCH, ECF No. 26).

above, in the instant motion Movant maintains he is entitled to relief under the terms of § 2255 because he no longer qualifies as an Armed Career Criminal under ACCA, and thus cannot lawfully be subjected to ACCA's 15-year mandatory minimum. In other words, Movant asserts that following *Johnson*'s invalidation of ACCA's residual clause, and *Naylor*'s conclusion that second-degree burglary does not qualify as a violent felony under ACCA's elements clause, he no longer has three qualifying crimes of violence.

The Government originally conceded that Movant appeared eligible for relief. (*See Caldwell v. United States*, Case No. 4:12CV2249 JCH, ECF No. 31, the parties' Joint Request for an Amended Presentence Report regarding Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, P. 1). The Probation Office therefore prepared and issued a Resentencing Report and Resentencing Recommendation on September 28, 2018. (*See United States v. Timothy Caldwell*, Case No. 4:01CR350 JCH, ECF Nos. 90, 91). Movant indicated his acceptance to the revised PSR on October 22, 2018. (*Id.*, ECF No. 92). For its part, however, the Government noted in its response that during the pendency of this case, the Eighth Circuit decided *Walker v. United States*, 900 F.3d 1012 (8th Cir. 2018), in which it held as follows:

> On appeal, Walker now argues that his sentence should be vacated and the case remanded for resentencing without application of the ACCA. He maintains that his original sentence relied on the residual clause and points out that his Missouri burglary convictions are no longer valid ACCA predicates under the enumerated-offenses clause in light of recent decisions. *See Mathis v. United States*, ––– U.S. –––, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016); *United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018) (en banc). We review *de novo* the denial of a § 2255 motion. *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992).
>
> In authorizing Walker to bring a second motion, we necessarily determined that he had made a *prima facie* case that he satisfied the requirements of § 2255. *See, e.g., Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam) (explaining the requirements for authorizing a successive § 2255 motion). As relevant here, § 2255(h) precludes a movant from bringing a successive motion unless it contains "a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable." In light of the Supreme Court's opinions in *Johnson* and *Welch*, we concluded that Walker satisfied this threshold requirement.

This determination was preliminary. *See Kamil Johnson v. United States*, 720 F.3d 720, 720-21 (8th Cir. 2013) (per curiam). We have "emphasize[d] that the district court must not defer to our preliminary determination in granting the authorization as our grant is tentative." *Id.* at 721 (alteration, citation, and internal quotation marks omitted). The movant also must satisfy the district court that his claim in fact "relies on" a new rule. *Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997) ("The movant must get through two gates before the merits of the motion can be considered."). The Government argues that Walker did not make a sufficient showing that his claim relies on *Johnson*'s new rule that the residual clause is unconstitutional, and it maintains that his claim in fact relies on the Supreme Court's non-retroactive decision in *Mathis*.

The original sentencing court did not specify whether the residual clause or another provision of the ACCA, such as the enumerated-offenses clause, provided the basis for Walker's ACCA enhancement. Our sister circuits disagree on how to analyze this issue. Two circuits have concluded that a claim for collateral relief "relies on" *Johnson*'s new rule and satisfies § 2255 if the sentencing court "may have" relied on the residual clause. *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017); *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). To support this approach, the Ninth Circuit drew an analogy to the *Stromberg* rule, which requires a conviction to be set aside when a general jury verdict may rest on an unconstitutional ground. *Geozos*, 870 F.3d at 896 (citing *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931)). For its part, the Fourth Circuit expressed concern about treating similarly situated defendants differently on the basis of the sentencing court's "discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony." *Winston*, 850 F.3d at 682.

By contrast, several other circuits instead require a movant to show that it is more likely than not that the residual clause provided the basis for an ACCA sentence. *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018); *Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2018), *cert. denied*, No. 17-1251, ––– U.S. –––, 138 S.Ct. 2678, ––– L.Ed.2d –––, 2018 WL 1243146 (June 25, 2018); *Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017). These courts emphasize that a § 2255 movant bears the burden of showing that he is entitled to relief and stress the importance of the finality of convictions, one of Congress's motivations in passing the Antiterrorism and Effective Death Penalty Act. *See Beeman*, 871 F.3d at 1222-24; *Washington*, 890 F.3d at 896; *Dimott*, 881 F.3d at 236, 241-42.

We agree with those circuits that require a movant to show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement. *See Dimott*, 881 F.3d at 243; *Washington*, 890 F.3d at 896; *Beeman*, 871 F.3d at 1221-22. Under the longstanding law of this circuit, a movant bears the burden of showing that he is entitled to relief under § 2255. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969) (per curiam). The mere possibility that the sentencing court relied on the residual clause is insufficient to satisfy this burden and meet the strict requirements for a successive motion. *See Washington*, 890 F.3d at 896 (explaining why *Stromberg* should be confined to general jury verdicts); *Dimott*, 881 F.3d at 241 (same). We also believe that applying this "uniform rule" reasonably addresses the Fourth Circuit's concerns about the "selective application" of *Johnson*'s new rule. *See Dimott*, 881 F.3d at 242. As the Eleventh Circuit has explained, "It is no more arbitrary to have a movant lose in a § 2255 proceeding because of a silent record than to have the Government lose because of one. What would be arbitrary is to treat *Johnson* claimants differently than all other § 2255 movants claiming a constitutional violation." *Beeman*, 871 F.3d at 1224.

Whether the residual clause provided the basis for an ACCA enhancement is a factual question for the district court. *See id.* at 1224 n.5 (stating that the basis for an enhancement is "a historical fact"). Where the record or an evidentiary hearing is inconclusive, the district court may consider "the relevant background legal environment at the time of ... sentencing" to ascertain whether the movant was sentenced under the residual clause. *Washington*, 890 F.3d at 896; *see also United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017) (explaining that "the relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing"), *cert. denied*, ─── U.S. ───, 138 S.Ct. 1696, 200 L.Ed.2d 956 (2018). In some cases, the legal background at the time of sentencing will establish that the enhancement was necessarily based on the residual clause. *See, e.g.*, *United States v. Taylor*, 873 F.3d 476, 482 (5th Cir. 2017) (stating that precedent established that one of the requisite predicate convictions "could have applied only under the residual clause"). By contrast, "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Beeman*, 871 F.3d at 1222. Moreover, as the Tenth Circuit emphasized in *Washington*, it is not enough for Walker to show that "the background legal environment at the time of Defendant's sentencing reveals 'the residual clause offered the path of least analytical resistance.'" *Washington*, 890 F.3d at 898-99.

In denying Walker's successive § 2255 claim, the district court did not determine whether the residual clause led the sentencing court to apply the ACCA enhancement. It also assumed—given the state of the law in 2016—that an evidentiary hearing was unnecessary because Walker's burglary convictions

> qualified as violent felonies even without the residual clause. Despite the sparse sentencing record that exists in this case, "it is the function of the District Court rather than the Court of Appeals to determine the facts." *See Murray v. United States*, 487 U.S. 533, 543, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Thus, we vacate the order denying Walker's second motion and remand to the district court to determine in the first instance whether Walker has shown by a preponderance of the evidence that his successive § 2255 claim relies on *Johnson*'s new rule invalidating the residual clause. The district court should proceed to the merits only if Walker is able to carry his burden.

*Walker*, 900 F.3d at 1013-16 (footnote omitted). The Government thus asserted that pursuant to *Walker*, Movant now bears the burden of showing he was sentenced as an Armed Career Criminal under the residual clause, rather than the enumerated clause of the ACCA.

In his reply, Movant concedes that the record does not reflect whether his enhanced sentence was based on the residual clause or the enumerated clause of the ACCA. This is unsurprising, since Movant was sentenced prior to the Supreme Court's invalidation of ACCA's residual clause in *Johnson*. This Court therefore had no need to announce whether it believed Movant's second-degree burglary convictions qualified as violent felonies because they constituted "burglaries", under the enumerated clause, or because they "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another", under the residual clause.

Movant continues to assert, however, that the "relevant background legal environment" at the time of his sentencing demonstrates he in fact was sentenced under the residual clause. As support for this position, Movant notes that at the time of his sentencing, the Eighth Circuit extensively relied on the residual clause to hold that Missouri burglary was a qualifying predicate conviction. (*See Caldwell v. United States*, Case No. 4:12CV2249 JCH, ECF No. 96, PP. 6-7 ("*See, for example, United States v. Blahowski,* 324 F.3d 592, 594-95 (8th Cir. 2003) (concluding that burglary is a crime of violence because it "otherwise involves

conduct that presents a serious potential risk of physical injury to another," i.e., because it satisfies the residual clause); *See also United States v. Mohr,* 382 F.3d 857, 860 (8th Cir. 2004) ("Our court has reasoned that since burglary always creates a 'serious potential risk of physical injury to another,' it qualifies as a crime of violence."), cert. granted, judgment vacated, and case remanded on other grounds sub nom. *Mohr v. United States*, 542 U.S. 1181 (2005); "[A]ttempted second-degree burglary poses such a 'serious potential risk of physical injury' that it qualifies as a violent felony under the otherwise clause of section 924(e)." *United States v. Hascall*, 76 F.3d 902, 904 (8th Cir. 1996) (attempted second degree burglary posed a serious risk of physical injury under the definition in § 924(e), citing *United States v. Solomon*, 998 F.2d 587, 590 (8th Cir. 1993)). In *United States v. Nolan*, 397 F.3d 665, 666 (8th Cir. 2005), the Eighth Circuit noted that "[w]e have consistently held that burglary is a predicate offense under § 924(e) and U.S.S.G. § 4B1.2.")).

Upon consideration, the Court finds Movant has met his burden of showing by a preponderance of the evidence that it was the residual clause that led the sentencing court to apply the ACCA enhancement. *See Walker*, 900 F.3d at 1015. As noted above, Movant provides ample evidence that the relevant background legal environment at the time of his sentencing establishes he was sentenced under the residual clause invalidated by *Johnson*. The Government offers no rebuttal to this evidence, and so the Court finds Movant is entitled to relief.[3]

---

3 This Court further agrees with the dissent in *Walker*, which opined that a movant need not show that his claim is "resolved by" a new and retroactive rule of constitutional law, but rather that his claim "relies on" the same. *See Walker*, 900 F.3d at 1016. As Judge Perry of this Court stated in *Holman v. United States*, "[W]ithout *Johnson's* invalidation of the residual clause, Holman would not have a claim that the ACCA does not apply to him….It is *Johnson* that opened the door to successive or untimely relief such as sought here." *Holman*, 2017 WL 2438821, at *3 n. 1 (E.D. Mo. June 6, 2017) (citations omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant=s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that the sentence imposed on September 13, 2002 is **VACATED**.

**IT IS FURTHER ORDERED** that an Amended Judgment will be entered in Movant's criminal case, *United States v. Timothy Caldwell*, Case No. 4:01CR350 JCH.


Dated this 19th Day of February, 2019.

                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE